IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-1-1BR
No. 5:16-CV-322-BR

| | |
|---|---|
| SAMUEL M. FAISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion. (DE # 161.)

In 2005, petitioner pled guilty to two counts of brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). The court sentenced him to a total term of 264 months imprisonment. Petitioner did not appeal.

In 2016, with the assistance of court-appointed counsel, petitioner filed this § 2255 motion. Petitioner claims that Hobbs Act robbery is not a "crime of violence" under the "residual clause" of § 924(c)(3)(B), and therefore, his § 924(c) convictions, both of which were predicated on a Hobbs Act robbery, must be vacated. (Mot., DE # 161, at 4.)

On the government's unopposed motion, the court placed this proceeding in abeyance pending the decisions in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), and United States v. Walker, 934 F.3d 375 (4th Cir. 2019). (DE # 171.) After those decisions issued, the court directed the parties to file supplemental briefs regarding the § 2255 motion. (8/27/19 Text Order.)

In its supplemental brief, the government argues Hobbs Act robbery is a "crime of violence" under the "force clause" of § 924(c)(3)(A), and petitioner's § 2255 motion should be

dismissed. (DE # 214, at 2-3.) Petitioner maintains that Hobbs Act robbery is not a crime of violence under either clause of § 924(c)(3) and requests that the court vacate his § 924(c) convictions. (See Resp., DE # 226.)

A "crime of violence" for purposes of § 924(c) is defined as

an offense that is a felony and—
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Supreme Court recently held that the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). However, "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)[(3)(A)]," United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (footnote and citations omitted), and petitioner recognizes as much, (see Resp., DE # 226, at 3). Therefore, because Hobbs Act robbery, which served as the predicate offense for petitioner's § 924(c) convictions, remains a crime of violence, petitioner is not entitled to relief under § 2255.

The § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 27 September 2019.

_____
W. Earl Britt
Senior U.S. District Judge